

777 Westchester Ave, Suite 101
White Plains, New York 10604
(O) (914) 705-5497
(F) (914) 206-4176
www.ElHaglaw.com
Jordan@Elhaglaw.com

*The Firm that Fights for Workers' Rights!*

May 17, 2016

<u>Via ECF</u>
Hon. Arlene Lindsay
United States Magistrate Judge
Eastern District of New York
Long Island Federal Courthouse
814 Federal Plaza
Central Islip, New York 11722

**Re: Plaintiffs' Motion to Disqualify Mr. Saul Zabell as Opposing Counsel**
**15-cv-03980 (Reyes et. al. V. Imperial Sales et. al.).**

Dear Hon. Judge Lindsay:

Pursuant to the EDNY Local Rules and your individual rules of practice, Plaintiffs submit this letter motion requesting the Court to disqualify Mr. Zabell as counsel for the defendants in this action for his violations of the following provisions of the NYS Rules of Professional Conduct (29 NYCRR 1200 et. seq.): Rule 8.4(b), (c),(d) and (h) (misconduct), Rule 3.7 (lawyer as witness), and Rule 3.4(a)(2),(a)(5), and 3.4(e) (fairness to opposing party and counsel). Specifically, Plaintiffs seek the following Orders:

1. **Disqualification of Mr. Zabell as counsel in this matter for misconduct (Rule 8.4(b), (c), (d) and (h).**

   Plaintiffs seek Mr. Zabell's disqualification because Mr. Zabell has engaged in misconduct in violation of the NYS Rules of Professional Responsibility by threatening plaintiffs Henry Hernandez, Augustin Sabillon, Jose Roberto Reyes, Jose Torres, Jose Argueta, and Javier Reyes with deportation if they testified as witnesses in a hearing before the National Labor Relations Board (NLRB). Attached hereto as Exhibit-A is the Order from Administrative Law Judge Steven Davis that found Mr. Zabell liable for threatening to report the plaintiffs to a government agency if they testified at the NLRB. (pg.16-18 & 28-29).
   Rule 8.4 states in relevant part that: **A lawyer shall not:**
    **(b) engage in illegal conduct that adversely reflects on the lawyer's honesty, trustworthiness or fitness as a lawyer;**
   **(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;**
   **(d) engage in conduct that is prejudicial to the administration of justice;**
   **(h) engage in any other conduct that adversely reflects on the lawyer's fitness as a lawyer**.

   Threatening witnesses is one of the most unethical types of behavior in which a lawyer can engage because it undermines the entire legal process. As stated in Exhibit-A, Mr. Zabell clearly violated the National Labor Relations Act in a most flagrant manner by threatening the plaintiffs in the actual hearing room prior to the proceeding. Threatening witnesses is conduct that is befitting to criminals who engage in witness tampering through bribery, physical threats, intimidation and other similar conduct. This should not be expected from an officer of the court.
   The Court cannot permit the plaintiffs to continue being exposed to Mr. Zabell's intimidating and unlawful conduct. How can depositions be fairly or a proper trial conducted when they know there is an officer of the Court who is willing to break the law in order to gain an advantage on behalf of his clients? And

1

what message does it send to litigants when an attorney breaks the law and suffers no consequence. As you can see in Exhibit-A, Mr. Zabell had every opportunity to refute these allegations brought by the NLRB, and there was nothing to refute the flagrant conduct. This Court must disqualify Mr. Zabell and not permit him to depose a single Plaintiff or have any further contact with them.

As discussed on more detail infra, Mr. Zabell also fabricated evidence in this matter by threatening the plaintiffs in 2013 if they did not testify as he instructed them to when he took unilateral depositions of the individuals (Exhibit-B).

2. **Disqualification of Mr. Zabell as counsel for Defendants pursuant to Rule 3.4(a)(2),(a)(5), and 3.4(e) (Fairness to opposing party and counsel).**

By the same conduct mentioned above, Mr. Zabell has also violated Rules 3.4(a)(2), (a)(5), and 3.4(e), which states in relevant part: **A lawyer shall not**:

**(a) (2) advise or cause a person to hide or leave the jurisdiction of a tribunal for the purpose of making the person unavailable as a witness therein;**
**(5) participate in the creation or preservation of evidence when the lawyer knows or it is obvious that the evidence is false; or**
**(e) present, participate in presenting, or threaten to present criminal charges solely to obtain an advantage in a civil matter.**

As an initial matter, Mr. Zabell clearly threatened to present criminal charges against the witnesses/plaintiffs solely to gain an advantage in a civil matter. This is precisely the holding in Judge Steven Davis' Order. This is a well-known ethics violation (see Exhibit-D). Mr. Zabell's sole intention was to intimidate the plaintiffs from asserting their rights against the defendants by threatening deportation and other criminal charges in order to dissuade them from testifying.

As touched upon supra, in 2013, Mr. Zabell assisted his clients in violating the NYLL and FLSA when his clients hid employees from department of labor investigators and then Mr. Zabell threatened certain plaintiffs with discharge if they did not testify in a deposition that they were not owed any money by defendants.

In 2013, the Defendants were investigated by the Department of Labor. Although I do not know whether this was the NYS or Federal Department of Labor (see attached discovery request and reply-Exhibit-C), Mr. Zabell has admittedly told me that in response to a department of labor investigation of defendants, Mr. Zabell took depositions of certain plaintiffs. This is how the deposition transcripts attached as Exhibit-B were obtained.

One need only look at the suspicious manner in which these depositions were taken to know that they were obtained unethically. Each plaintiff who was deposed was brought to a room within Defendants' facility. In the room was Mr. Zabell, a court reporter and video recorder. Mr. Zabell never told these employees that they should speak to an attorney, never noticed the depositions, and more importantly told at least three of the plaintiffs- Armando Lazo, Roberto Reyes, and Augustin Sabillon- prior to their deposition on the record, that if they did not state on the record that they are not owed any money, they would be terminated, and that they are illegal immigrants with no rights.

This was also testified to by Plaintiff Marvin Hernandez at the NLRB when Mr. Zabell attempted to impeach Mr. Hernandez using these bogus depositions. Mr. Zabell asked Mr. Hernandez if he testified truthfully at the 2013 deposition, and in response Mr. Hernandez stated that he was pressured into testifying. (NLRB Hearing Transcript Pg. 500).

When Defendants were being investigated in 2013, the Defendants hid the plaintiffs from the investigators. Although it is not known who instructed the Defendants to hide the Plaintiffs from the investigators, when I confronted Mr. Zabell about this fact, his response wasn't a denial. He stated "my clients have no legal obligation to produce witnesses to investigators".

Although these allegations have not been fleshed out on the record, except for Mr. Hernandez's one statement, these allegations are consistent with Mr. Zabell's recent conduct. If need be, Plaintiffs can provide

2

the Court with supporting affidavits. Additionally, the context in which these depositions were taken is alarming, and should serve as a red flag that something is amiss. The least that should be done is the disqualification of Mr. Zabell, so that if need be, he can be called as a material witness concerning these matters, which is discussed infra.

3. **Disqualifying Mr. Zabell as counsel pursuant to Rule 3.7 (lawyer as witness).**

There are two material incidents that involve Mr. Zabell. The first is the 2013 depositions and the second is his recent unlawful conduct at the NLRB. Both of these matters are material to this case, as the retaliation charges set forth in the complaint concern the matters that took place at the NLRB and the 2013 depositions are items that Defendants are trying to use as evidence in these proceedings because they concern testimony that is germane to these proceedings. Plaintiffs cannot ask the Defendants about any of the conversations that took place between Mr. Zabell and the Defendants concerning these matters because they raise issues of attorney-client privilege. And it is certainly safe to assume that it was entirely Mr. Zabell's idea to depose the plaintiffs in 2013 without them having counsel or speaking to the department of labor investigators. So the only person who can testify to these matters would be Mr. Zabell.

Rule 3.7 states: **A lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact unless:**

**(1) the testimony relates solely to an uncontested issue;**
**(2) the testimony relates solely to the nature and value of legal services rendered in the matter;**
**(3) disqualification of the lawyer would work substantial hardship on the client;**
**(4) the testimony will relate solely to a matter of formality, and there is no reason to believe that substantial evidence will be offered in opposition to the testimony; or**
**(5) the testimony is authorized by the tribunal.**

Here, due to Mr. Zabell's unlawful conduct, none of these exceptions can apply. It is too prejudicial to this litigation and repugnant to the values and ethical cannons set forth by the legal profession.

I think it obvious from Judge Stevens' decision that Mr. Zabell cannot continue as counsel for Defendants. He should not be permitted to interact with the plaintiffs, nor have any further involvement with this case. In a prior order, your Honor indicated that Plaintiffs' Counsel had not timely brought certain discovery issues to the Court's attention. As you can see, Judge Davis' ruling was issued May 6, 2016. Since then, I have been further investigating this matter by speaking with the plaintiffs and reviewing NLRB hearing transcripts. Due to the serious nature of these allegations, I thought it was necessary to have a formal decision entered by Judge Davis before bringing this matter to the Court's attention.

We ask that your honor consider staying the discovery until your Honor makes a decision on this important matter because this ruling will definitely impact the taking of depositions. Furthermore, if your Honor so requires, Plaintiffs can produce affidavits of the plaintiffs attesting to Mr. Zabell's conduct concerning the 2013 depositions. Due to the discovery deadlines set forth in your Honor's last Order, I felt that this motion must be made as soon as possible.

Respectfully Submitted,

Jordan El-Hag, Esq.