UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

JOSE REYES, JAIRO BONILLA, AUGUSTIN
SABILLON, JAVIER REYES, SELVIN
VASQUEZ, MARVIN HERNANDEZ, HENRY
HERNANDEZ, JOSE OLAN AMADOR,
ARMANDO LAZO, VALERIO BAQUEDANO,
JOSE MICHEL TORRES, JOSE ARGUETA,
and NOEL EFRAIN CASTRO,

                                        Plaintiffs,

                -against-                                          15-cv-03980 (JMA)(ARL)

DEEP DISTRIBUTORS OF GREATER NEW
YORK, INC. d/b/a THE IMPERIAL SALES,
INC., TONY BINDRA, DANNY BINDRA, and
HERB MILLER,

                                        Defendants.

------------------------------------------------------------X

## NEGOTIATED SETTLEMENT AGREEMENT

    WHEREAS, **JOSE REYES, AUGUSTIN SABILLON, SELVIN VASQUEZ,**

**HENRY HERNANDEZ, JOSE OLAN AMADOR, ARMANDO LAZO, VALERIO**

**BAQUEDANO, and JOSE ARGUETA,** Plaintiffs, and **DEEP DISTRIBUTORS OF**

**GREATER NEW YORK, INC. d/b/a THE IMPERIAL SALES, INC., TONY BINDRA,**

**DANNY BINDRA, and HERB MILLER,** Defendants, desire to resolve, settle and agree to

dismiss with prejudice all claims and all issues raised in or by (or which could have been raised

in) the Complaint in the above-captioned action (the "Lawsuit"), and in any other proceeding(s)

commenced by Plaintiffs, except those identified in the NLRB Action identified in this

Agreement, without further litigation or adjudication and Plaintiffs knowingly and voluntarily

desire to release with prejudice and forever discharge Defendants of and from any and all claims of any kind or nature, whether known or unknown, except those identified in the NLRB Action identified in this Agreement.

WHEREAS, Plaintiffs **JOSE REYES, AUGUSTIN SABILLON, SELVIN VASQUEZ, HENRY HERNANDEZ, JOSE OLAN AMADOR, ARMANDO LAZO, VALERIO BAQUEDANO, and JOSE ARGUETA,** are the only remaining Plaintiffs in this matter following Judge Joan M. Azrack's dismissal of **JAIRO BONILLA, JAVIER REYES, JOSE MICHEL TORRES, NOEL EFRAIN CASTRO and MARVIN HERNANDEZ** on March 30, 2017;

WHEREAS, Plaintiffs and Defendants understand and agree that neither the making of this Confidential Negotiated Settlement Agreement (hereafter "Agreement") nor anything contained herein shall be construed or considered in any way to be an admission of guilt or noncompliance with any federal, state or local statute, order, regulation or ordinance, public policy, tort law, contract (whether oral or written, express or implied), common law, Defendants' policies, practices, benefit plans, compensation plans or procedures, or of any other wrongdoing whatsoever;

WHEREAS, the Lawsuit and all other proceedings between Plaintiffs and Defendants, except for the NLRB Action identified herein, shall be dismissed with prejudice and forever settled and released pursuant to the <u>Stipulation and Order of Final Dismissal with Prejudice</u>, which shall be executed by counsel for Plaintiffs and Defendants and any other claims otherwise deemed settled and waived;

WHEREAS, the Plaintiffs have filed unfair labor practice charges with the National Labor Relations Board, Region 29 (the "NLRB"), against **DEEP DISTRIBUTORS**

OF GREATER NEW YORK, INC. d/b/a THE IMPERIAL SALES, INC. (the "NLRB Action"), and the NLRB action is still actively being pursued by the Plaintiffs and NLRB. The NLRB Action bear case numbers: 29-CA-147909 & 157108 & 146077

WHEREAS, as consideration for settling this Lawsuit, the Plaintiff's waived their right to any monetary recovery from the NLRB Action, but did not: (1) waive their right to participate in the NLRB Action, (2) to withdraw from the NLRB Action, (3) to testify or produce evidence in the NLRB Action, or (4) in any other way exercise their rights under the National Labor Relations Act in connection with the NLRB Action, in any way whatsoever;

WHEREAS, this Confidentially Negotiated Settlement Agreement is not intended to infringe on the Plaintiffs rights in the NLRB Action in any manner, except that Plaintiffs are expressly waiving their rights to any form of monetary recovery that might be secured by the NLRB through the NLRB Action;WHEREAS, the Plaintiffs and Defendants have already entered into a settlement agreement that was recorded on the public record before Hon. Judge Joan M. Azrack of the Eastern District of New York during a hearing held before her on March 30, 2017. The Plaintiffs and Defendants entered into an Agreement at that hearing with the full intentions to be bound by the material terms set forth on the public record. However, the Parties desired to draft a more formal agreement than the one set forth in the public record, and this Agreement represents and more fully sets forth the Agreement reached between the Parties on March 30, 2017;

NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND AMONG THE PARTIES that:

1.  Definition of Parties.

3

a.      "Plaintiffs" is defined to include, but is not limited to, Jose Reyes, Augustin Sabillon, Selvin Vasquez, Henry Hernandez, Jose Olan Amador, Armando Lazo, Valerio Baquedano, and Jose Arguetta,.

b.      "Defendants" is defined to include, but is not limited to, Deep Distributors of Greater New York, Inc. d/b/a The Imperial Sales, Inc., Tony Bindra, Danny Bindra, and Herb Miller, and all presently or formerly related or affiliated persons or entities including, but not limited to, any present or former parent corporations, subsidiaries, investors, divisions,  affiliated entities, employee benefit plans, purchasers of assets or stocks, board members, insurers, reinsurers, joint ventures, partners, shareholders, successors, assigns, counsel, administrators, heirs, creditors, debtors, executors, officers, partners, directors, agents, fiduciaries, employees and representatives of any such entity.

2.      <u>Plaintiffs' Commitments</u>.   In exchange for the promises made by Defendants in Paragraph 4 below, Plaintiffs agree as follows:

a.      Plaintiffs will execute or have their counsel execute all documents, including, but not limited to the <u>Stipulation and Order of Final Dismissal with Prejudice,</u> attached hereto as <u>Exhibit A</u> dismissing this Lawsuit and any other document(s) needed to waive any recovery from the NLRB Action. Based upon such documents, an order of final dismissal with prejudice shall be entered upon presentation thereof to any court of competent jurisdiction or by any agency or other forum where any claim is made.

b.      In the event that, for any reason, any complaint, grievance, suit, action, charge, claim or proceeding by or on behalf of Plaintiffs against Defendants in existence as of the date of this agreement, except for the NLRB Action, is not wholly and finally dismissed with prejudice, (i) Plaintiffs agree to take all actions needed to obtain dismissal thereof; (ii)

4

Plaintiffs shall not testify, provide documents, or otherwise participate or cause others to participate in Plaintiffs' behalf in any litigation or investigation arising therefrom, except as compelled by subpoena or law or provided herein; (iii) Plaintiffs covenant not to sue Defendants for or upon any claim released by this agreement, shall hold Defendants harmless, and will not obtain or accept any recovery or relief in or from Defendants in any proceeding; and, (iv) if it is determined by a court or other entity that a claim is not barred by this Agreement, Plaintiffs shall execute a supplemental general release, without additional consideration because the Consideration received hereunder shall be deemed sufficient for any additional or supplemental release, but only with respect to the claims released in this Agreement. Plaintiffs will do so promptly after receiving written notice from Defendants directing them to do so. If any claim cannot be dismissed, all monies paid hereunder shall be set off completely against any relief or recovery.

        c.      This Agreement may be introduced (with the settlement amount redacted and shown to the Court in camera) only in a proceeding to enforce its terms, to establish a breach of this Agreement, to establish conclusively the settlement and general release of all claims, or to establish the withdrawal and dismissal of the Lawsuit.

        d.      Except to enforce the terms of this Agreement or as otherwise provided herein, Plaintiffs shall not institute, be represented in, participate in or cause to be submitted or filed on Plaintiffs' behalf any claim whatsoever, whether in an individual, class or other action, before any administrative agency, court, or other forum or accept any relief or recovery from or against Defendants, and hereby covenants not to sue Defendants for or upon any claim whatsoever that has accrued as of the date of execution of this Agreement.

e.      In the event any class or collective action is brought against Defendants that includes or may include any Plaintiff based on any claim released by this Agreement, said Plaintiff immediately shall withdraw without obtaining or accepting any relief or recovery.

f.      Plaintiffs will not accept any award or settlement from any source or proceeding brought by any other person or by any government agency with respect to any claim or right waived in this Agreement (and all monies paid hereunder will be set off against any relief or recovery from Defendants not barred by this Agreement).

3.      General and Unlimited Release of All Claims.

a.      Except for their participation in the NLRB Action, Plaintiffs knowingly, voluntarily, and with prejudice, releases and forever discharges Defendants of and from any and all claims of any kind or nature, whether known or unknown, which Plaintiffs have or may have, covenant not to file any claim or suit and generally and fully waives all claims against Defendants, including, but not limited to, any alleged violation of:

- Title VII of the Civil Rights Act of 1964;
- The Americans with Disabilities Act of 1990, and all amendments thereto;
- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Employee Retirement Income Security Act of 1974;
- The Immigration Reform and Control Act;
- The National Labor Relations Act;
- The Family and Medical Leave Act;
- The Equal Pay Act;
- The False Claims Act;

- The Fair Labor Standards Act;

- The Occupational Safety and Health Act;

- The Workers Adjustment and Retraining Notification Act;

- The Age Discrimination in Employment Act;

- The New York Executive Law, including the New York State Human Rights Law;

- The New York Corrections Law, including Sections 750-755 thereof;

- The New York City Administrative Code (including its Human Rights Law);

- The New York False Claims Act;

- The New York Civil Rights Law;

- The New York Labor Law;

- The New York wage, wage-payment, wage theft and wage-hour laws;

- any local or county law, rule or requirement of any kind;

- any other federal, state or local, human rights, wage, wage-hour, wage payment, whistleblower, *qui tam*, retaliation, discrimination, bias, civil rights, benefits, pension, labor or any other federal, state or local law, rule, regulation, or ordinance of any kind;

- any benefit plan, compensation plan, severance plan or any other plan, practice or program of any kind;

- any collective bargaining or other agreement;

- any public policy, any contract (whether oral or written, express or implied), tort (whether intentional, negligent or otherwise), or common law;

- any amendment to the foregoing; and,

- any claim for costs, fees, or other expenses, including, but not limited to, a claim for attorneys' fees or costs.

b.      Plaintiffs acknowledge that they may discover facts or law different from, or in addition to, the facts or law they know or believe to exist with respect to a released claim. They agree, nonetheless, that this Agreement and the release contained in it shall be and remain effective in all respects notwithstanding such different or additional facts or law.

c.      Governmental Agencies.  Nothing in this Agreement prohibits or prevents Plaintiffs from filing a charge with or participating, testifying, or assisting in any investigation, hearing, whistleblower proceeding or other proceeding before any federal, state, or local government agency (e.g. EEOC, NLRB, etc.), nor does anything in this Agreement preclude, prohibit, or otherwise limit, in any way, Plaintiffs' rights and abilities to contact, communicate with, report matters to, or otherwise participate in any whistleblower program administered by any such agencies.  However, to the maximum extent permitted by law, Plaintiffs agree that if such an administrative claim is made, Plaintiff shall not be entitled to recover any individual monetary or equitable relief or other individual remedies.

d.      Collective/Class Action Waiver.  If any claim is not subject to release, to the extent permitted by law, Plaintiffs waive any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Defendants are a party.

e.      Set-Off.  Plaintiffs agree that all monies paid hereunder (i.e., $38,000.00) shall be set off against and shall satisfy any relief or recovery awarded by the National Labor Relations Board from the action bearing Case Numbers: 29-CA-147909 & 157108 & 146077.

4.      Consideration.

(J R R)  (µ. µ) (S-A)  (V. B. C₈)
(A - S)  (S.O.A) (µL)
(S . V)

a.      In exchange for the promises made herein by Plaintiffs, including the general and unlimited release of all claims that Plaintiff has or may have against Defendants, and subject to the terms of the confidentiality covenant and other terms of this Agreement, Defendants agree to pay Plaintiffs the total sum of thirty-eight thousand dollars and zero cents ($38,000.00) ("Consideration" or the "Payment"), within sixty (60) calendar days following the on the record settlement that took place before Judge Joan M. Azrack on March 30, 2017.  The payment shall be tendered as follows:

     i.      A certified bank check made payable to "El-Hag & Associates, P.C." as attorneys for Plaintiffs, for the sum of thirty-eight thousand dollars and zero cents ($38,000.00), for which 1099 forms will be issued to Plaintiffs and their law firm, El-Hag & Associates, P.C.

     ii.     Defendants shall deliver the bank check identified in Paragraph 4(a)(i) by mailing the check to the law office of El-Hag & Associates, P.C at 777 Westchester Ave., suite 101, White Plains, N.Y 10604 so the check is received by El-Hag & Associates, P.C on May 29, 2017. Time is of the essence with respect to the Payment.

b.      The Consideration is provided in complete settlement, release and waiver of all claims identified herein, including those for alleged lost wages, benefits, compensation, mental, physical or other personal injuries, pain and suffering, attorneys' fees,

costs and any other relief of any and every kind, known or unknown, asserted or unasserted, that Plaintiffs may have against Defendants.

        c.    Regardless of any tax withholding or other deductions by Defendants, Plaintiffs must ensure that all taxes are paid upon the Consideration to be paid in Paragraph 4 above.  In the event that any federal, state and local taxing authority or court determines that taxes, interest, penalties or other monies are due as a result of the Payment pursuant to Paragraph 4 above, said taxes, interest, penalties or other monies shall be the sole obligation and liability of Plaintiffs, who agree to hold harmless and to indemnify Defendants from any tax-related or other liability.

        5.    <u>No Other Entitlement</u>.

        a.    Except for this Lawsuit and the related claims of Local 660, United Workers of America, before the National Labor Relations Board, bearing Case Numbers: 29-CA-147909 & 157108 & 146077, Plaintiffs have neither filed nor caused to be filed any claim of any kind, and is not a party to any claim, against Defendants in any forum and shall not make any such claim or filing based upon facts, claims or occurrences that existed as of or prior to the signing of this Agreement.

        6.    Plaintiffs affirm that all of Defendants' decisions regarding Plaintiffs' pay and benefits through the date of Plaintiffs execution of this Agreement were not discriminatory based on age, disability, race, color, sex, religion, national origin or any other classification protected by law.

        7.    <u>Execution</u>.

        a.    The terms of this Agreement are the product of mutual negotiation and compromise.  The meaning, effect and terms of this Agreement have been explained to

(J R R) (H. H) (S. A) (V. B. C.)
(A - S.) (J. O. A) (AV)
(S . V)

Plaintiffs by their counsel, El-Hag & Associates, P.C. As a jointly drafted agreement, no provision herein shall be interpreted or construed for or against any party because both parties participated in the drafting of these provisions.

b.      Plaintiffs fully understand that this Agreement finally and forever releases, settles, bars and waives any and all claims that Plaintiffs could possibly have asserted against Defendants, including any monetary recovery under the NLRB Action, and is fully satisfied with the advice and counsel provided by their attorney in this matter.

c.      Plaintiffs have been advised by counsel that ample time will be provided for consideration of the meaning and effect of this Agreement and to consult with counsel prior to execution of this Agreement.

d.      Plaintiffs have not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of Defendants to execute this Agreement.

8.      <u>Non-Admission of Wrongdoing</u>.   The parties agree that neither this Agreement nor the furnishing of the consideration provided for herein shall be deemed or construed at any time or for any purpose as an admission of any liability or unlawful conduct of any kind.

9.      <u>Severability and Modification</u>.

a.      If any provision of this Agreement is declared illegal or unenforceable by any court, administrative agency, arbitration or other entity, Plaintiffs and Defendants agree that such arbitrator, court, administrative agency or other entity has the full authority to and shall interpret and modify all such provision(s) to be enforceable. If such interpretation or modification is not possible, such provision immediately shall become null and

void, leaving the remainder of this Agreement in full force and effect, which then shall be interpreted to reflect and enforce the intention of the Parties to the maximum extent possible under the law as originally intended by the Patries.

        b.      If the general release of all claims contained herein is limited or held to be null and void or if any claim released by this Agreement of or by Plaintiffs is not dismissed for any reason, (i) this Agreement shall be interpreted or modified to bar any claim that Plaintiffs may assert against Defendants; or, if not, then (ii) Plaintiffs shall execute an enforceable general and unlimited release of all claims, without receiving additional consideration.  However, if Paragraph 9(a) and either 9(b)(i) or 9(b)(ii) cannot be done, as a matter of law, then Plaintiffs shall return, upon demand by Defendants, the Payment made hereunder, or, if return of the Payment is not permitted by law and any claim is found not to be settled, waived or barred for any reason, such gross amount shall be set off completely against any relief, settlement or recovery.

        10.     <u>Section Headings</u>.  Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

        11.     <u>Entire Agreement</u>.

        a.      This Agreement (which incorporates as contractual covenants the representations and clauses in the introductory "Whereas" clauses) represents the complete understanding by and between Plaintiffs and Defendants regarding the above-captioned action and waiver of monetary recovery from the related NLRB proceeding, bearing Case Numbers: 29-CA-147909 & 157108 & 146077, and shall be interpreted under New York law to effect a full settlement and general and unlimited release of all actual or potential claims, whether known or unknown, asserted or unasserted.

(JRR)  (M.U)(S.H)(V.B.C) 12
(A.C) (J.O.A)(AV)
(S.V)

b.      No other promises or agreements shall be binding or shall modify this Agreement.  This Agreement can be modified only as provided in Paragraph 9, above, or by a written document, signed by Plaintiffs and by Tony Bindra, Danny Bindra, Herb Miller, and Danny Bindra on behalf of Deep Distributors of Greater New York, Inc., which recites the specific intent to modify this Agreement.

12.      <u>Capability to Waive Claims</u>.  Plaintiffs are competent to agree to a knowing and voluntary general and unlimited release of all claims, as contained herein, are not affected or impaired by illness, use of alcohol, drugs or other substances and are not otherwise impaired.  Plaintiffs are not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle all claims against Defendants or to waive all claims.  If any lien exists that would imperil the right to settle all claims against Defendants or waive all claims, or is asserted relating to any debt of any Plaintiff, he immediately shall utilize the payment made hereunder to satisfy that lien.

13.      <u>Counterparts</u>.  This Agreement may be executed in counterparts, each of which shall be deemed an original and each of which shall together constitute one and the same agreement.  A signed fax or .pdf copy shall, for all purposes, be deemed an original and in full force and effect.

**PLAINTIFFS HAVE BEEN ADVISED THAT THEY HAVE TWENTY-ONE (21) CALENDAR DAYS TO REVIEW THIS AGREEMENT AND HAVE BEEN ADVISED IN THIS WRITING TO CONSULT WITH AN ATTORNEY PRIOR TO EXECUTION OF THIS AGREEMENT.**

**PLAINTIFFS AGREE THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.**

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, AND TO RECEIVE THEREBY THE CONSIDERATION SET FORTH IN PARAGRAPH 4**

13

**HEREOF, PLAINTIFFS FREELY AND KNOWINGLY AND AFTER CONSULTATION WITH COUNSEL, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND GENERALLY RELEASE ALL CLAIMS AGAINST DEFENDANTS.** The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

## Certification of Translation

**Certification of translator.**

I hereby certify that I am fluent in both the English and Spanish Language, and that I am able and competent to translate this agreement from English to Spanish and from Spanish to English. I further certify that I translated this Agreement for the undersigned at the direction of their legal counsel.

Por lo presente certifico que soy fluido tanto en el idioma inglés como en el español y que soy capaz y competente para traducir este acuerdo del inglés al español y del español al inglés. Además, certifico que he traducido este Acuerdo para el suscrito bajo la dirección de su abogado.

| By Translator for Plaintiff: | By Translator for Defendants: |
|---|---|
| By: _Wendia Febres_ | By: _____ |

This Agreement has been translated for me into my native language of Spanish by the translator identified above. I was presented the option to have this Agreement translated in its entirety in writing, but voluntarily elected to have it translated orally in order to avoid incurring additional costs and fees. This Agreement has been translated to my satisfaction.

Este Acuerdo ha sido traducido para mí en mi idioma nativo de español por el traductor identificado anteriormente. Se me presentó la opción de hacer traducir este Acuerdo en su totalidad por escrito, pero elegí voluntariamente que se tradujera oralmente para evitar incurrir en costos y honorarios adicionales. Este Acuerdo ha sido traducido a mi satisfacción.

| | |
|---|---|
| By: _José Roberto Reyes_<br>Jose Reyes | By: _Selvin Vasquez_<br>Selvin Vasquez |
| By: _____<br>Augustin Sabillon | By: _____<br>Henry Hernandez |
| By: _____<br>Jose Olan Amador | By: _____<br>Jose Argueta |
| By: _____<br>Armando Lazo | By: _Valerio Baquedano_<br>Valerio Baquedano |

15

**PLAINTIFF JOSE REYES:**

Dated: MAY 25, 2017

_José Roberto Reyes_
**JOSE REYES**

STATE OF NEW YORK    )
                              NASSAU ) ss.:
COUNTY OF ~~Westchester~~ )

      On the 25 day of MAY, 2017, before me, the undersigned notary, **JOSE REYES** personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this **Confidential Negotiated Settlement Agreement** intending to settle, release and waive any claims of any kind against Defendants, as defined in the Agreement.

Jordan El-Hag
Notary Public
State of New York
Qualified in Westchester
Exp. 2/4/2021
02EL6274272

_____
Signature and Office of individual
taking acknowledgment

**PLAINTIFF AUGUSTIN SABILLON:**

Dated: MAY 25, 2017

_____
**AUGUSTIN SABILLON**

STATE OF NEW YORK    )
                                     ) ss.:
COUNTY OF NASSAU    )

      On the 25 day of MAY, 2017, before me, the undersigned notary, **AUGUSTIN SABILLON** personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this **Confidential Negotiated Settlement Agreement** intending to settle, release and waive any claims of any kind against Defendants, as defined in the Agreement.

Jordan El-Hag
Notary Public
State of New York
Qualified in Westchester
Exp. 02/4/2021
02EL6274272

_____
Signature and Office of individual
taking acknowledgment

16

**PLAINTIFF SELVIN VASQUEZ:**

Dated: _MAY 25_ 2017

_Selvin Vasquez_
**SELVIN VASQUEZ**

STATE OF NEW YORK )
                        ) ss.:
COUNTY OF _NASSAU_ )

         On the _25_ day of _MAY_, 2017, before me, the undersigned notary, **SELVIN VASQUEZ** personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this **Confidential Negotiated Settlement Agreement** intending to settle, release and waive any claims of any kind against Defendants, as defined in the Agreement.

_Jordan El-Hag_
_Notary Public_
_State of New York_
_Qualified in Westchester_
_Exp. 2/4/2021_
_02EL6274272_

Signature and Office of individual
taking acknowledgment

**PLAINTIFF HENRY HERNANDEZ:**

Dated: _MAY 25_, 2017

**HENRY HERNANDEZ**

STATE OF NEW YORK )
                        ) ss.:
COUNTY OF _NASSAU_ )

         On the _25_ day of _MAY_, 2017, before me, the undersigned notary, **HENRY HERNANDEZ** personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this **Confidential Negotiated Settlement Agreement** intending to settle, release and waive any claims of any kind against Defendants, as defined in the Agreement.

_Jordan El-Hag_
_Notary Public_
_State of New York_
_Qualified in Westchester_
_Exp. 2/4/2021_
_02EL6274272_

Signature and Office of individual
taking acknowledgment

17

**PLAINTIFF JOSE OLAN AMADOR:**

Dated: MAY 25, 2017

_____
JOSE OLAN AMADOR

STATE OF NEW YORK     )
                                        ) ss.:
COUNTY OF NASSAU    )

On the 25 day of MAY, 2017, before me, the undersigned notary, **JOSE OLAN AMADOR** personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this **Confidential Negotiated Settlement Agreement** intending to settle, release and waive any claims of any kind against Defendants, as defined in the Agreement.

Jordan El-HAG
Notary Public
State of New York
Qualified in Westchester
EXP. 02/04/2021
02EL6274272

_____
Signature and Office of individual taking acknowledgment

**PLAINTIFF ARMANDO LAZO:**

Dated: MAY 25, 2017

_____
ARMANDO LAZO

STATE OF NEW YORK     )
                                        ) ss.:
COUNTY OF NASSAU    )

On the 25 day of MAY, 2017, before me, the undersigned notary, **ARMANDO LAZO** personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this **Confidential Negotiated Settlement Agreement** intending to settle, release and waive any claims of any kind against Defendants, as defined in the Agreement.

Jordan El-HAG
Notary Public
State of New York
Qualified in Westchester
EXP. 02/04/2021
02EL6274272

_____
Signature and Office of individual taking acknowledgment

18

**PLAINTIFF VALERIO BAQUEDANO:**

Dated: _MAY 25_ 2017                    _Valerio Baquedano_
                                        **VALERIO BAQUEDANO**

STATE OF NEW YORK       )
                        ) ss.:
COUNTY OF _NASSAU_      )

      On the _25_ day of _MAY_, 2017, before me, the undersigned notary, **VALERIO BAQUEDANO** personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this **Confidential Negotiated Settlement Agreement** intending to settle, release and waive any claims of any kind against Defendants, as defined in the Agreement.

_Jordan El-Hac_
_Notary Public_
_State of New York_
_Qualified in Westchester_
_Exp. 2/04/2021_
_02EL6274272_

                              Signature and Office of individual
                              taking acknowledgment

**PLAINTIFF JOSE ARGUETA:**

Dated: _MAY 25_, 2017                    
                                        **JOSE ARGUETA**

STATE OF NEW YORK       )
                        ) ss.:
COUNTY OF _NASSAU_      )

      On the _25_ day of _MAY_, 2017, before me, the undersigned notary, **JOSE ARGUETA** personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this **Confidential Negotiated Settlement Agreement** intending to settle, release and waive any claims of any kind against Defendants, as defined in the Agreement.

_Jordan El-Hac_
_Notary Public_
_State of New York_
_Qualified in Westchester_
_Exp. 2/4/2021_
_02EL6274272_

                              Signature and Office of individual
                              taking acknowledgment

19

**DEFENDANT TONY BINDRA:**

Dated: _6-2_, 2017

_____
TONY BINDRA

STATE OF NEW YORK      )
                      ) ss.:
COUNTY OF _Nass_      )

      On the _2_ day of _June_ 2017, before me, the undersigned notary, **TONY BINDRA** personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this **Confidential Negotiated Settlement Agreement** intending to settle, release and waive any claims of any kind against Defendants, as defined in the Agreement.

      SAUL D. ZABELL
    Notary Public, State of New York
       No. 02ZA5068081
    Qualified in Suffolk County
  Commission Expires January 5, 20__

_____
Signature and Office of individual
taking acknowledgment

**DEFENDANT HERB MILLER:**

Dated: _____, 2017

_____
HERB MILLER

STATE OF NEW YORK      )
                      ) ss.:
COUNTY OF _____   )

      On the ____ day of_____, 2017, before me, the undersigned notary, **HERB MILLER** personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this **Confidential Negotiated Settlement Agreement** intending to settle, release and waive any claims of any kind against Defendants, as defined in the Agreement.

_____
Signature and Office of individual
taking acknowledgment

21

**DEFENDANT:**

**DEEP DISTRIBUTORS OF GREATER NEW YORK, INC.**

Dated: _6 - 2_, 2017

By: _____

Title: _____


**DEFENDANT DANNY BINDRA:**

Dated: _6 - 2_, 2017

_____
DANNY BINDRA


STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF _Nass_     )

On the _2_ day of _June_, 2017, before me, the undersigned notary, **DANNY BINDRA** personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this **Confidential Negotiated Settlement Agreement** intending to settle, release and waive any claims of any kind against Defendants, as defined in the Agreement.

SAUL D. ZABELL
Notary Public, State of New York
No. 02ZA5068081
Qualified in Suffolk County
Commission Expires January 5, 20__

_____
Signature and Office of individual
taking acknowledgment

20

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

————————————————————————————X

JOSE REYES, JAIRO BONILLA,
AUGUSTIN SABILLON, JAVIER REYES,
SELVIN VASQUEZ, MARVIN
HERNANDEZ, HENRY HERNANDEZ,
JOSE OLAN AMADOR, ARMANDO LAZO,
VALERIO BAQUEDANO, JOSE MICHEL
TORRES, JOSE ARGUETA, and NOEL
EFRAIN CASTRO,

                  Plaintiffs,           15-cv-04662 (JMA)(ARL)

-against-

DEEP DISTRIBUTORS OF GREATER NEW
YORK, INC. d/b/a THE IMPERIAL SALES,
INC., TONY BINDRA, DANNY BINDRA,
and HERB MILLER,

                  Defendants.

————————————————————————————X

## STIPULATION AND ORDER OF FINAL DISMISSAL WITH PREJUDICE

      IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs, JOSE

REYES, AUGUSTIN SABILLON, SELVIN VASQUEZ, HENRY HERNANDEZ, JOSE

OLAN AMADOR, ARMANDO LAZO, VALERIO BAQUEDANO, and JOSE ARGUETA,

and Defendants, DEEP DISTRIBUTORS OF GREATER NEW YORK, INC. d/b/a THE

IMPERIAL SALES, INC., TONY BINDRA, DANNY BINDRA, and HERB MILLER,

through their respective undersigned counsel, that the above-captioned action be dismissed in its

entirety, with prejudice, and with no award of attorneys' fees, costs or disbursements by the Court to any party.

EL-HAG & ASSOCIATES, P.C.
*ATTORNEYS FOR PLAINTIFFS*
777 Westchester Avenue, Suite 101
White Plains, NY 10604
(914) 218-6190

By: _____
      Jordan El-Hag, Esq.

Dated: _5 / 25 / 17___

ZABELL & ASSOCIATES, P.C.
*ATTORNEYS FOR DEFENDANTS*
1 Corporate Drive, Suite 103
Bohemia, NY 11716
(631) 589-7242

By: _____
      Saul D. Zabell, Esq.

Dated: _____

SO ORDERED on this ___ day of _____, 2017,

_____
U. S. D. J.